The opinion of the Court was delivered by
Fenner, J.
The plaintiffs allege, in substance, that they are holders of full paid stock in the defendant corporation; that other stockholders have paid up only fifty per cent, of their shares; that the corporation has ceased active business, and is insolvent; that the existing officers and directors wilfully avoid and refrain from liquidating the affairs of the corporation by calling in the unpaid stock and, after settling the debts, by distributing the surplus in such manner as to make the stockholders equal; that upon such administration and *757 liquidation, plaintiffs would be entitled to receive a large sum, exceeding ten thousand dollars; that the existing directors hold only half-paid stock, and are interested against enforcing such liquidation ; that the majority of the stockholders also hold half-paid stock, and have like interest against such liquidation and, on a new election of directors, would .choose those who would continue the policy of the present board ; that they have, in accordance with law, applied to the attorney-general to take proceedings for forfeiture of the charter of the corporation, which that officer declines to do; wherefore, they pray for the appointment of a receiver to take charge of, administer and liquidate the affairs of said corporation.
To this petition the defendant filed an exception of no cause of action, which was sustained in the lower court, from which judgment plaintiffs prosecute the present appeal.
It affirmatively appears on the face of the petition :
1. That the defendant is an existing corporation, whose charter has neither expired nor been legally forfeited.
2. That it has officers who are lawfully in office, holding over, under the terms of the charter, until their successors are elected, who have not died, or resigned, and who do not refuse to act as such officers, although they take a different view of their duties from that asserted by plaintiffs.
We may remark that the petition contains no allegation that plaintiffs have ever demanded of the officers the performance of the duties charged to have been neglected, and that they have been refused. This should seem, under all circumstances, to be a necessary condition precedent to the maintenance .of this action, and would, perhaps, by itself, furnish sufficient ground to sustain the exception.
But, on general principles, we can discover no judicial power, under the laws and jurisprudence of this State, to grant the relief herein sought, under the circumstances of this case. It is well established that courts have no jurisdiction to appoint receivers for corporations in the absence of express statutory authority. High on Receivers, Secs. 287, 288, 292, 298, 307, 749, and authorities there cited; French vs. Gifferd, 30 Iowa, 148; Hedges vs. Pacquet, 3 Oregon, 77.
To this doctrine, in its broadest statement, there may be some exceptions, confined, however, to .cases of extreme necessity, such as when the corporate property is abandoned, or where there are no persons authorized to take charge or conduct its affairs.
No other exception has ever been hinted at, even in any dictum of this Court. Stark vs. Burke, 5 A. 740; N. O. Gaslight Co. vs. Bennett, 6 A. 456; Brown vs. Union, 3 A. 182.
*758 Such power does not exist, and has never been claimed, in case of an existing corporation equipped with competent officers.
A corporation is a person, whose possession and control of its own property and affairs must be respected like the similar rights of individuals. They cannot be interfered with, in preliminary proceedings and in advance of judgment, except in cases specially provided bylaw and on strict compliance with the requirements thereof.
It is not pretended that there exists any statute of this State authorizing the relief sought herein.
The only statutes referring to the subject are Sections 688 and 781 of the Revised Statutes, neither of which apply to this case.
We are not prepared to admit that petitioners are without other relief under the law. Their petition does not establish that they have resorted to any of the usual and ordinary proceedings under which relief, in such cases, is ordinarily found.
We are not prepared to accept his prognostications of their failure as sufficient basis for judicial action. Even if tried and found wanting, he must avail himself of remedies recognized by law.
Judgment affirmed at appellants’ cost.
Rehearing refused.
Levy, J., absent.